# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: July 11, 2024

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| JOEL LEMIEUX, | * | |
| | * | |
| Petitioner, | * | No. 19-1121V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

*Milton C. Ragdale, IV,* Ragsdale LLC, Birmingham, AL, for petitioner.
*Ryan D. Pyles,* U.S. Dept. of Justice, Washington, D.C., for respondent.

### DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

On July 1, 2024, Joel Lemiuex ("petitioner") filed a motion for interim attorneys' fees and costs. Petitioner Interim Fees Application ("Int. Fee. App.") (ECF No. 88). For the reasons discussed below, the undersigned **GRANTS** petitioner's motion and finds that an award of $222,279.54 is reasonable for interim attorneys' fees and costs.

## I.  Procedural History

On August 1, 2019, petitioner filed his claim in the National Vaccine Injury Compensation Program.[2] Petition (ECF No. 1). Petitioner is alleging that as a result of receiving the influenza vaccine on October 11, 2016 he developed immune thrombocytopenia.

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims. The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. **This means the opinion will be available to anyone with access to the Internet.** Before the opinion is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id*. **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

*Id.* Petitioner filed accompanying medical records on September 12, 2019. Petitioner's Exhibits ("Pet. Exs.") 4-15 (ECF Nos. 6-7).

Petitioner filed an expert report from Eric Gershwin, M.D. and medical literature on March 22, 2021. Pet. Exs. 16-25 (ECF No. 20). Respondent filed his Rule 4(c) report on July 6, 2021, recommending against compensation. Respondent ("Resp.") Report ("Rep't.") (ECF No. 22). Respondent also filed an expert report from Andrew J. MacGinnitie, M.D. and from Lisa Kreuziger, M.D. Resp. Exs. A & C. Petitioner filed a supplemental expert report from Dr. Eric Gershwin on September 21, 2021. Pet. Ex. 30 (ECF No. 26).

The undersigned held a status conference on October 5, 2021. During the status conference, I explained that petitioner diagnosis of ITP was not in question by the medical records or the experts from both parties. Rule 5 Order (ECF No. 27). I recommended that the parties seek to resolve this matter informally given the number of flu-ITP cases that have been resolved in favor of petitioner in the Vaccine Program. *Id.* at 2. Respondent also sought an opportunity to respond to Dr. Gershwin's supplemental expert report. *Id.*

The parties engaged in unsuccessful settlement negotiations until February 6, 2024 and wanted to proceed with an entitlement hearing on May 16-17 2024. Joint Status Report (ECF No. 74). Both parties submitted pre-hearing briefs, exhibit lists and updated medical literature that their experts were going to rely upon during the hearing.

An entitlement hearing was held on May 16, 2014. Petitioner and Dr. Eric Gershwin testified during the entitlement hearing along with Drs. MacGinnitie and Kreuziger.

On July 1, 2024, petitioner filed this motion for interim attorneys' fees and costs, requesting a total of $222,279.54. Int. Fee. App. Petitioner requests that his counsel be awarded $189,264.40 in attorneys' fees and $33,015.14 in attorneys' costs. *Id.* at 4. Respondent filed a response on July 6, 2024, deferring to the special master "as to whether petitioner has made a special showing to justify an award of interim attorneys' fees and costs," and if so, then "recommends that the Special Master exercise his discretion and determine a reasonable award for attorneys' fees and costs." Resp. Response at 3-4.

Petitioner did not file a reply. This matter is now ripe for adjudication.

II.     **Entitlement to Attorneys' Fees and Costs**

     A. **Legal standard**

The Vaccine Act provides that reasonable attorney's fees and costs "shall be awarded" for a petition that results in compensation. §15(e)(1)(A)-(B). Even when compensation is not awarded, reasonable attorneys' fees and costs "may" be awarded "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for which the claim was brought." § 15(e)(1). The Federal Circuit has reasoned that in formulating this standard, Congress intended "to ensure that vaccine injury claimants have readily available a

2

competent bar to prosecute their claims." *Cloer v. Sec'y of Health & Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012).

Petitioners act in "good faith" if they filed their claims with an honest belief that a vaccine injury occurred. *Turner v. Sec'y of Health & Human Servs.,* No. 99-544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). In this case, petitioner's medical records indicate that he did develop ITP and that he associated the onset of his ITP to the influenza vaccine he received on October 11, 2016. Thus, petitioner has satisfied the good faith requirement.

To receive an award of fees and costs, a petitioner must also demonstrate the claim was brought with a reasonable basis through objective evidence supporting "the *claim* for which the petition was brought." *Simmons v. Sec'y of Health & Human Servs.,* 875 F.3d 632 (Fed. Cir. 2017); *see also Chuisano v. Sec'y of Health & Human Servs.,* 116 Fed. Cl. 276, 286 (2014) (citing *McKellar v. Sec'y of Health & Human Servs.,* 101 Fed Cl. 297, 303 (2011)). Petitioner filed accompanying medical records to support his petition, in addition, to filing reports from an expert to support his claim for vaccine causation. Furthermore, an entitlement hearing was held where petitioner's expert testified in support of his claim. As such, I find that there is reasonable basis to award petitioner reasonable interim attorneys' fees and costs.

### B. Interim Awards

The Vaccine Act permits interim attorneys' fees and costs. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008); *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372 (Fed. Cir. 2010). In *Shaw,* the Federal Circuit held that it was proper to grant an interim award when "the claimant establishes that the cost of litigation has imposed an undue hardship." 609 F.3d at 1375. In *Avera,* the Federal Circuit stated that "[i]nterim fees are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained." 515 F.3d at 1352. I do not routinely grant interim fee applications. I generally defer ruling on an interim fee application if: the case has been pending for less than 1.5 years (measured from the date of filing); the amount of fees requested is less than $30,000; and/ or the aggregate amount of expert costs is less than $15,000.00. If any one of these conditions exists, I generally defer ruling until these thresholds are met or until an entitlement hearing has occurred. These are, however, only informal requirements, and there are ultimately many factors bearing on the merit of an interim fee application. I evaluate each one on its own merits.

Petitioner's claim has been pending since 2019. Additionally, petitioner's request for attorney's fees exceeds $30,000.00 and the expert costs exceed $15,000.00. An entitlement hearing was held in May 2024 and not reimbursing petitioner's counsel for these costs would constitute a financial hardship to petitioner's counsel. Accordingly, I find that an award of interim attorneys' fees and costs is appropriate at this time.

### III. Reasonable attorneys' fees and costs

#### A. Legal Standard

As stated above, the Vaccine Act only authorizes "reasonable" attorneys' fees and costs. The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera*, 515 F.3d at 1349. Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347-58 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. *Id.* at 1348. Although not explicitly stated in the statute, the requirement that only reasonable amounts be awarded applies to costs as well as to fees. *See Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994).

Special masters have "wide discretion in determining the reasonableness of both attorneys' fees and costs." *Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). They may look to their experience and judgment to reduce the number of hours billed to a level they find reasonable for the work performed. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993). A line-by-line evaluation of the billing records is not required. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 483 (1991), *aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993 (per curiam).

The petitioner "bea[rs] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson*, 24 Cl. Ct. at 484. Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484, n. 1. Counsel "should make a good faith effort to exclude from a fee request hour that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

### B. Hourly Rate

The interim fee decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon an individual's experience. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates. The Attorneys Forum Hourly Rate Fee Schedules for 2018-2023 can be accessed online.

Petitioner requests that his attorneys, Mr. Milton Clay Ragsdale and Ms. Allison Riley be compensated for work they performed on his case from 2017 through 2024. Mr. Clay Ragsdale is requesting rates from $400.00 per hour (2017) to $565.00 per hour (2024). Int. Fee App. at 5. Ms. Riley is requesting rates of $270.00 per hour (2017) to $450.00 per hour (2024). *Id.* at 6. Both Mr. Ragsdale and Ms. Riley's requested rates are consistent with the Office of Special Masters' Attorneys' Forum Rate Fee Schedule. These rates are also consistent with previous fee decisions awarding forum rates for Ragsdale, LLC. *See e.g. Eastman v. Sec'y of Health & Human Servs.,* No. 18-250V, 2023 WL 5500399, at *4 (Fed. Cl. Spec. Mstr. Aug. 3, 2023); *Brown v. Sec'y of Health & Human Servs.,* No. 17-253V, 2018 WL 5095121 (Fed. Cl. Spec. Mstr. Sept. 6, 2018).

Additionally, the hourly rates requested for the paralegals at Ragsdale, LLC, Ms. Amy Johnson are also reasonable and consistent with the Office of Special Masters' Attorneys' Forum Rate Fee Schedule. Accordingly, no adjustments to petitioner's attorneys' hourly rates will be adjusted.

### C. Hours Expended

A line-by-line evaluation of the fee application is not required and will not be performed. *Wasson*, 24 Cl. Ct. at 484. Rather, I may rely on my experience to evaluate the reasonableness of hours expended. *Id.* Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests …. [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

Upon review of the submitted billing statement, I find the overall hours spent on this matter, given how long the case was pending and the extensive proceedings including an entitlement hearing, to be reasonable. The billing entries appear to accurately reflect the work that was performed, and the amount of time spent on each task was adequately documented. Accordingly, petitioner is entitled to $189,264.40 in attorneys' fees.

### D. Costs

Like attorneys' fees, costs incurred-by counsel or petitioners themselves-must be reasonable to be reimbursed by the Program. *Perreira*, 27 Fed. Cl. Ct. 29, 34. When assessing the reasonableness of expert's fees, special masters may consider the area of expertise; prevailing rates of other experts with similar experience; education and experience; and the "nature, quality, and complexity of the information provided." *Baker v. Sec'y of Health & Human Servs.,* No. 99-653V, 2005 WL 589431, at *3-5 (Fed. Cl. Spec. Mstr. Feb. 24, 2005).

Petitioner is requesting a total of $33,015.14 in attorneys' costs. A majority of these costs are associated with Dr. Gershwin providing two expert reports and testifying at the entitlement hearing on May 16, 2024. Dr. Gershwin has prior experience participating in vaccine litigation as a rheumatologist and immunologist. He charged a rate of $500.00 per hour and expended a total of 32.25 hours preparing his two expert reports and 26.75 hours for hearing preparation and testimony. His rate of $500.00 per hour has been approved in other fees and costs decisions and is justified in this case. *See e.g. Elvira v. Sec'y of Health & Human Servs.,* No. 17-531V, 2021 WL 1626611 (Fed. Cl. Spec. Mstr. Mar. 31, 2021); *Lewis v. Sec'y of Health & Human Servs.,* No. 16-1604V, 2020 WL 4578584 (Fed. Cl. Spec. Mstr. July 8, 2020).

The other costs petitioner is requesting for reimbursement are for obtaining medical records, the filing fee, postage, and obtaining medical literature. These costs are routinely reimbursed in by the program and are well documented. Accordingly, petitioner shall be awarded all the fees requested.

**IV.     Conclusion**

Based on the above, I find it is reasonable to compensate petitioner and his counsel for interim attorneys' fees and costs for the total amount of $222,279.54. Accordingly, the following in interim attorneys' fees and costs are awarded as follows:

a) **A lump sum payment of $222,279.54, representing reimburse for interim attorneys' fees and costs, in the form of a check payable to petitioner and petitioner's attorney, Mr. Milton Clay Ragsdale, of Ragsdale LLC.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED.**

<u>s/Thomas L. Gowen</u>
Thomas L. Gowen
Special Master

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).